IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDDIE LEE CLARK | * | |
| | * | |
| v. | * | Civil No. JFM-02-2293 |
| | * | |
| STATE OF MARYLAND | * | |
| DEPARTMENT OF PUBLIC SAFETY | * | |
| AND CORRECTIONAL SERVICES, | * | |
| et al. | * | |

\*\*\*\*\*

MEMORANDUM

Eddie Lee Clark brings suit against the Roxbury Correctional Institution ("RCI") and five individual officers. Plaintiff's complaint contains eight separate counts against RCI and the individual officers arising out of alleged instances of racial harassment and plaintiff's eventual termination. Defendants have moved to dismiss all eight counts pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons detailed below: (1) Counts I (racial discrimination), II (civil conspiracy), III (wrongful discharge), IV (tortious interference with prospective advantage), and V (intentional infliction of emotional distress) are dismissed without prejudice. Counts VI (breach of contract), VII (negligent hiring), and VIII (negligent supervision) and the claims against RCI and the individual officers in their official capacities in Counts II, IV, and V are dismissed with prejudice.

I.

In early 2000, RCI hired plaintiff as a correctional officer. Plaintiff is African-American. RCI is a Maryland Department of Corrections ("DOC") facility located in Hagerstown, Maryland.

1



From February 2000 to January 2001, plaintiff alleges that he was subjected to various forms of racial discrimination. The alleged discrimination includes verbal harassment, unfair work assignments, inappropriate denials of leave, disciplinary actions not in accordance with DOC regulations, and wrongful termination. The alleged discriminatory acts form the basis for all eight counts of plaintiff's complaint.[1]

For relief, plaintiff seeks: (1) declaratory and equitable relief under 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 1981a; (2) compensatory and punitive damages under 42 U.S.C. §§ 1981 and 1983; (3) court costs and attorneys fees under 42 U.S.C. §§ 1988(a)-(b) and 2000e-5(k) and Md. R. 2-603; and (4) additional relief under Md. Ann. Code art. 49B, §§ 11(e) and 16 and Maryland common law.

II.

A.

The Eleventh Amendment prohibits private parties from bringing suit against nonconsenting states in federal court. *Bd. of Trs. of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). State officials being sued in their official capacity and state agencies are also immune from suit absent state consent. *See Lizzi v. Alexander*, 255 F.3d 128, 136 (4th Cir.

---

[1] Count I alleges that RCI and the individual RCI officers are liable for "racial discrimination." (Compl. ¶¶ 20-24.) Count II alleges that RCI and the individual officers are liable for civil conspiracy. (*Id.* ¶¶ 25-26.) Count III alleges that plaintiff was wrongfully discharged. (*Id.* ¶¶ 27-28.) Count IV alleges that RCI and the individual officers intentionally interfered with plaintiff's employment relationship with RCI. (*Id.* ¶ 29.) Count V alleges that defendants are liable for intentional infliction of emotional distress. (*Id.* ¶ 31.) Count VI alleges that RCI breached its employment contract with plaintiff. (*Id.* ¶ 32.) Count VII alleges that RCI negligently hired Officers Frazee, Anderson, Robinson, Spellman, and Morris and Sergeant Leonard. (*Id.* ¶¶ 33-34.) Count VIII alleges that RCI negligently supervised those same individuals. (*Id.* ¶¶ 35-36.)

2001). Maryland has consented to suit in Maryland state court. *See* Md. Code Ann., State Gov't § 12-104 (waiving state immunity for tort actions in state court); *id.* § 12-201 (waiving state immunity for contract actions in state court). It has not, however, consented to suit in federal court. *See id.* §§ 12-104, 12-201; *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 397 (4th Cir. 1990).

RCI is an institution of the DOC. The DOC is a part of the Maryland Department of Public Safety and Correctional Services ("DPSCS"). The DPSCS is a principal executive agency of the State of Maryland. Md. Code Ann., State Gov't § 8-201(b)(14). Therefore, RCI and RCI officers acting in their official capacity enjoy Eleventh Amendment immunity. As a result, I will dismiss the following claims with prejudice: (1) all claims in Count II against RCI and the individual officers in their official capacity[2]; (2) all claims in Counts IV and V against RCI and the individual officers in their official capacity; and (3) Counts VI, VII, and VIII.[3]

B.

Under the Federal Rules of Civil Procedure, a plaintiff's complaint only needs to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). "Even under the liberal standards of the Federal Rules of Civil Procedure, however, a plaintiff 'must at least set forth enough details so as to provide defendant and the court with a fair idea of the basis of the

---

[2] The Eleventh Amendment bars plaintiff's claim under 42 U.S.C. § 1985(3) because Congress has not expressly abrogated state immunity in § 1985 actions. *See, e.g., Fincher v. State of Florida Dep't of Labor*, 798 F.2d 1371 (11th Cir. 1986).

[3] Counts VI, VII, and VIII are state law claims against only RCI.

3

complaint and the legal grounds claimed for recovery.'" *Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1227 (4th Cir. 1998) (quoting *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990)). I will dismiss Counts I and III without prejudice because they fail to give defendants and this court "a fair idea" of the "legal grounds claimed for recovery."

Count I alleges that defendants discriminated against plaintiff on the basis of race in violation of federal and state law. To support this general allegation, plaintiff describes various instances of alleged racial discrimination, including inappropriate denials of leave, discipline, termination, and harassment. While plaintiff's factual allegations are probably sufficient to state a claim, I cannot determine what laws plaintiff relies on to bring his claim. In the general allegations of his complaint, plaintiff claims relief under Title VII, 42 U.S.C. §§ 1981, 1981a, and 1983, and Md. Ann. Code art. 49B §§ 11(e) and 16. (*See* Compl. ¶¶ 4-7.) However, nowhere in Count I is a federal or state statute mentioned. I cannot determine whether Count I seeks damages under one, some, or all of the above statutory provisions. Plaintiff must be more specific about the legal grounds upon which he bases his claim for recovery.

Count III also fails to sufficiently identify the legal grounds for recovery. It alleges that plaintiff was fired after reporting workplace harassment and that this termination was based on plaintiff's race in violation of federal and state law. In the first paragraph of Count III, plaintiff seems to be alleging a retaliation claim. In the next paragraph, however, plaintiff seems to be alleging a claim for discriminatory discharge. It is not possible to determine whether plaintiff is bringing only one of those claims or both, or whether the claims are based on federal or state law. As a result, I will dismiss Counts I and III without prejudice to allow plaintiff to clarify the

claims he is bringing in both counts.

## C.

Count II of the complaint alleges that defendants "did conspire to deprive the Plaintiff of an equal opportunity for employment and any attended advancement; and did conspire to end the employment of the Plaintiff." (Compl. ¶25.) I will dismiss Count II without prejudice because, as currently alleged, plaintiff has failed to state a claim for civil conspiracy under either state or federal law.

Maryland does not recognize an independent cause of action for civil conspiracy. *Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 340 Md. 176, 189, 665 A.2d 1038, 1044-45 (1995). Rather, a "defendant's liability for civil conspiracy depends entirely on its liability for a substantive tort." *Fare Deals, Ltd. v. World Choice Travel.com, Inc.*, 180 F. Supp. 2d 678, 692 (D. Md. 2001). Because, as discussed below, plaintiff has failed to state a claim for any substantive torts, his state law claim for civil conspiracy must fail.

Plaintiff has also failed to allege facts sufficient to state a claim under 42 U.S.C. § 1985(3). To prove a civil conspiracy under § 1985(3), a plaintiff must show:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). Moreover, a plaintiff must show "an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Id.* at 1377.

In his complaint, plaintiff merely alleges various instances of racial discrimination and

5

then, in a conclusory fashion, states a conspiracy claim. Nowhere in his complaint does plaintiff allege facts that show defendants agreed to violate his constitutional rights. In fact, plaintiff fails to even allege facts showing that the instances of racial discrimination are connected.[4] As a result, plaintiff has failed to state a claim under § 1985(3). *See, e.g., Talley v. Farrell*, 156 F. Supp. 2d 534, 546 (D. Md. 2001).

D.

In Count IV, plaintiff alleges that defendants tortiously interfered with his employment contract with RCI. (Compl. ¶ 29.) I will dismiss Count IV without prejudice because, as currently alleged, plaintiff has failed to state a claim for tortious interference.

Recovery for intentional interference with an economic relationship is barred when the plaintiff and defendant are both parties to the economic relationship. *Lewis v. Forest Pharm., Inc.*, 217 F. Supp. 2d 638, 660 (D. Md. 2002). A plaintiff also cannot recover against a defendant's employee acting within the scope of his or her employment. *Id.*; *see also Bleich v. Florence Crittenton Servs. of Baltimore, Inc.*, 98 Md. App. 123, 147, 632 A.2d 463, 475 (1993). As a result, an employee suing a fellow employee for tortious interference must allege that the defendant employee "acted maliciously for his own motives and beyond the scope of his authority without the intent to further the interests of the employer." *Pope v. Bd. of Sch. Comm'rs*, 106 Md. App. 578, 591-92, 665 A.2d 713, 719 (1995).

Plaintiff's entire claim states:

---

[4] In his opposition, plaintiff states that he "further maintains that due to the habitual nature of the Defendants racially discriminatory practices, there was 'an agreement, or a "meeting of the minds" by the Defendants to violate the claimant's Constitutional rights.'" (Pl. Opp'n at 12-13 (quoting *Simmons*, 47 F.3d at 1377).) This allegation, however, is not in plaintiff's complaint.

> Defendants RCI, Officers Frazee, Anderson, Robinson, Speilman and Morris were aware of the Plaintiff's economic dependence in his employment relationship with and in the RCI. Defendants did intentionally, and with malice, attempt to negatively and improperly interfere with said relationship by failing to allow the same opportunity for advancement in their employment and wrongfully discontinuing his employment with RCI.

(Compl. ¶ 29.) Plaintiff has not alleged that the individual RCI employees were acting outside the scope of their employment without the intent to further the interests of their employer. As a result, plaintiff has failed to state a claim for tortious interference. *See Bleich*, 98 Md. App. at 148, 632 A.2d at 475.

F.

Count V alleges that defendants committed the tort of intentional infliction of emotional distress. (Compl. ¶ 31.) To prove a prima facie case of intentional infliction of emotional distress, a plaintiff must show: "(1) the conduct is intentional or reckless; (2) the conduct is extreme and outrageous; (3) there is a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress is severe." *Carson v. Giant Food, Inc.*, 187 F. Supp. 2d 462, 481 (D. Md. 2002). Plaintiff has failed to sufficiently allege the fourth element—severe emotional distress.[5]

---

[5] Defendants also contend that the alleged actions do not "approach the level of outrageousness" required by Maryland law. (Def. Mem. at 24.) To be sufficiently "outrageous," conduct must "go beyond all possible bounds of decency, and . . . be regarded as atrocious, and utterly intolerable in a civilized community." *Harris v. Jones*, 281 Md. 560, 567, 380 A.2d 611, 614 (1977) (quoting *Restatement (Second) of Torts* § 46 cmt. d (1965)). Liability does not extend "to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* (quoting *Restatement (Second) of Torts* § 46 cmt. d). There are legitimate questions about whether plaintiff has sufficiently alleged outrageous conduct. Because plaintiff clearly has failed to allege severe emotional distress, however, I need not determine whether plaintiff has alleged outrageous conduct. *See id.* at 570, 380 A.2d at 616 (discussing but not determining whether conduct was sufficiently outrageous because plaintiff failed to show severe emotional distress).

Emotional distress is severe when "no reasonable man could be expected to endure it." *Harris*, 281 Md. at 571, 380 A.2d at 616 (quoting *Restatement (Second) of Torts* § 46 cmt. j); *see also Bryant v. Better Bus. Bureau of Greater Maryland, Inc.*, 923 F. Supp. 720, 748-49 (D. Md. 1996). For example, in *Bryant*, the plaintiff alleged that she was sexually harassed by her supervisor. 923 F. Supp. at 749. As a result of the harassment, she suffered from irritable bowel syndrome, needed counseling, had trouble sleeping, was depressed, and felt demeaned and humiliated. The court denied recovery because the plaintiff failed to show that her emotional distress was so severe "as to have disrupted her ability to function on a daily basis." *Id.* at 750.

Plaintiff's alleged emotional distress is almost identical to that alleged in *Bryant*. Plaintiff contends that after being harassed at work he has suffered anxiety attacks, has had trouble sleeping and eating, has suffered low self-esteem, and has been forced to seek counseling. (*See* Compl. ¶¶ 17, 31.) Plaintiff has not alleged that the harassment has disrupted his ability to function on a daily basis. As a result, I find that plaintiff's complaint, as currently drafted, fails to state a claim for intentional infliction of emotional distress, and I will dismiss Count V without prejudice.

A separate order granting defendant's motion is being entered herewith.

Date: *[signature]*

*[signature]*
J. Frederick Motz
United States District Judge